# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# IN ADMIRALTY

| | |
|---|---|
| **GAIL OPASKAR, Individually and as the Executrix of the Estate of Dr. Frank Opaskar, Deceased,**<br>168 Seaward Way<br>Avon Lake, Ohio 44012<br><br>**Plaintiff,**<br><br>-vs.-<br><br>**MOTOR VESSEL "THE THIRD LADY"** *and her engines, tackle, equipment, furniture, and all other necessaries thereunto appertaining and belonging*,<br><br>**Defendant** *in rem,*<br><br>and<br><br>**SOUTH SHORE LAKE ERIE ASSETS & OPERATIONS, LLC,**<br>c/o P. Austin Singleton, Jr.,<br>Registered Agent,<br>1611 Sawmill Parkway<br>Huron, Ohio 44839<br><br>**Defendant** *in personam.* | **CASE NO. 1:21-cv-1710** |

## VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM* WITH REQUEST FOR ARREST OF VESSEL

Plaintiff Gail Opaskar, Individually and the Executrix of the Estate of Dr. Frank Opaskar, Deceased, by and through her undersigned attorneys, and for her Verified Complaint against a Defendant *in Rem*, the Motor Vessel "The Third Lady," one 1987 Chris-Craft Amerosport, which vessel bears Ohio State Registration Number OH 4751 YX and Hull Identification Number CCHEA144G687 (hereinafter, "the Vessel"), and a Defendant *in Personam*, South

-1-

Shore Lake Erie Assets & Operations, LLC d/b/a "South Shore Marine," hereby states as follows:

## SUMMARY OF ACTION

This is an action *in rem* to try title to the Vessel, brought pursuant to Rule D of the Federal Rules of Civil Procedure – Supplemental Rules for Admiralty or Maritime Claims ("Rule D"). Gail Opaskar and Dr. Frank Opaskar, deceased, are the former owners of the Vessel, a recreational boat. Defendant South Shore Marine is a boat dealer which took ownership of the Vessel as a trade-in toward the Opaskars' purchase of a new vessel from South Shore Marine, which new vessel is not part of this litigation.

On June 23, 2021, following the transfer of ownership of the Vessel from the plaintiff to South Shore Marine, the Vessel was involved in a fatal marine casualty on Lake Erie, near Cleveland, Ohio while en route to the South Shore Marine facility in Huron, Ohio. Dr. Opaskar, Christopher Kedas, the broker from South Shore Marine that had accepted the Vessel on trade and was overseeing the Opaskars' purchase of their new vessel, and Mr. Kedas' 11-year old son were all aboard the Vessel and lost their lives.

Mrs. Opaskar brings this petitory action *in rem* pursuant to Rule D to try title to the Vessel. Mrs. Opaskar requests a declaratory judgment that the Opaskars are no longer the owners of the Vessel, and that they were not the owners of the Vessel at the time of the marine casualty on June 23, 2021. Instead, Mrs. Opaskar submits that South Shore Marine, the boat dealer that had taken the Vessel on trade, whose broker to whom the Opaskars had delivered the Vessel before the casualty occurred, and the entity that had sole title, custody, possession, and control of the Vessel, was the proper legal owner of the Vessel at the time of the casualty.

**PARTIES**

1. Plaintiff Gail Opaskar is an individual resident of Lorain County in the State of Ohio.

2. Plaintiff Gail Opaskar is the Executrix of the Estate of Dr. Frank Opaskar, Deceased, an Estate formed pursuant to the laws of Ohio. The Lorain County Probate Court appointed Mrs. Opaskar as the fiduciary of the Estate of Dr. Opaskar. *See In re Estate of Dr. Frank Opaskar*, Lorain Cty. Probate Case No. 2021-ES-00919.

3. Defendant *in Rem*, the *M/V The Third Lady*, is a 33' 1987 Chris-Craft Amerosport motor vessel, which vessel bears Ohio State Registration Number OH 4751 YX and Hull Identification Number CCHEA144G687 ("the Vessel"). The Vessel is located in secure storage at Ivancic Marine, 5300 Whiskey Island Drive, Cleveland, Ohio 44102.

4. Upon information and belief, Defendant *in Personam*, South Shore Lake Erie Assets & Operations, LLC ("South Shore Marine") is a foreign limited liability company engaged in the buying and selling of boats. Upon information and belief, South Shore Lake Erie Assets & Operations, LLC does business as South Shore Marine, and maintains its principal place of business in Huron, Ohio.

**JURISDICTION AND VENUE**

5. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Article III of the United States Constitution. This Complaint is *in rem* and *in personam* with a prayer for arrest of the Vessel pursuant to Rule D of the Federal Rules of Civil Procedure – Supplemental Rules for Admiralty or Maritime Claims.

6.  The Vessel is currently located, and will be located during the pendency of this action, within the judicial district of the Northern District of Ohio.

7.  Upon information and belief, South Shore Marine currently maintains its principal place of business within the judicial district of the Northern District of Ohio.

8.  The Supplemental Rule D petitory action to try title is properly within this Court's admiralty jurisdiction.

## FACTUAL OVERVIEW

9.  On June 23, 2021, an accident occurred on Lake Erie, near Cleveland, Ohio. aboard the Chris-Craft in Lake Erie resulting in the death of Dr. Opaskar, Mr. Kedas, and Mr. Kedas' 11-year old son.

10. Prior to the accident, the Opaskars had negotiated a transaction for a new vessel with South Shore Marine, a boat dealer with its facility in Huron, Ohio. Mr. Kedas, a salesman for South Shore Marine, was involved in the transaction on behalf of South Shore Marine.

11. As part of that transaction, the Opaskars were trading in their 1987 Chris-Craft Amerosport ("the Vessel"). The Opaskars and South Shore Marine had agreed upon $20,000 as the trade-in value of the Vessel.

12. On June 23, 2021, the Opaskars met Mr. Kedas, his son, and his wife at the Chagrin Lagoons Yacht Club marina in Eastlake, Ohio to deliver the Vessel to Mr. Kedas. Mr. Kedas was going to bring the Vessel to the South Shore Marine facility in Huron, Ohio.

13. At the Chagrin Lagoons Yacht Club marina, Mr. Kedas unequivocally informed Mrs. Opaskar that the Vessel was "ours now," meaning that it belonged to South Shore Marine. The Opaskars offered to purchase fuel for the Vessel's voyage to South Shore Marine, but Mr. Kedas declined and took care of the purchase.

14. The Opaskars asked Mr. Kedas' permission for Dr. Opaskar to accompany the Vessel on its final voyage to South Shore Marine. Mr. Kedas gave permission to Dr. Opaskar to accompany the Vessel. Mr. Kedas and his son did not seek the permission of the Opaskars to travel with the Vessel, and the Opaskars did not need to give them permission to be aboard the Vessel.

15. The Opaskars furnished Mr. Kedas with the keys to the vessel.

16. The Opaskars had physically delivered the Vessel to Mr. Kedas, as the agent of South Shore Marine.

17. At the time of the June 23, 2021 accident, South Shore Marine had taken title to the Vessel on a trade-in. At the time of the June 23, 2021 accident, South Shore Marine had sole ownership, possession, and control of the Vessel.

### COUNT I
### (Rule D Petitory Action to Try Title)

18. Mrs. Opaskar restates the allegations set forth in Paragraph 1 through Paragraph 17, inclusive, of the Verified Complaint, as if Mrs. Opaskar had fully rewritten these allegations herein.

19. Rule D of the Federal Rules of Civil Procedure – Supplemental Rules for Admiralty or Maritime Claims, entitled "Possessory, Petitory, and Partition Actions," provides, in pertinent part, as follows:

> In all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel…the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

20. This Verified Complaint institutes an action to try title of the Vessel.

21. Mrs. Opaskar has a *bona fide* claim that the Opaskars are **_not_** the current owners of the Vessel, and **_were not_** the owners of the Vessel at the time of the marine casualty on June 23, 2021.

22. Mrs. Opaskar's claim of non-ownership in the Vessel is based on the transfer of title that occurred based upon the Ohio Uniform Commercial Code ("the Ohio UCC"), Ohio Rev. Code § 1302.42(B). That provision of the Ohio UCC specifically provides: "Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes performance with reference to the physical delivery of the goods."

23. Before the marine casualty on June 23, 2021, the Opaskars had completed performance by physically delivering the Vessel to an employee of South Shore Marine.

24. Mrs. Opaskar's claim that South Shore Marine is the owner of the Vessel is based upon the Ohio UCC, Ohio Rev. Code § 1302.42(A). That provision of the Ohio UCC specifically provides: "[T]itle to goods passes from the seller to the buyer in any manner and on any conditions explicitly agreed on by the parties."

25. Because there were no supplemental agreements regarding the passing of title between the parties, the delivery requirement in Ohio Rev. Code 1302.42(B) applies.

26. South Shore is the owner of the Vessel based upon this provision.

**WHEREFORE,** Mrs. Opaskar prays that the Court order as follows:

1. That a warrant of arrest, pursuant to Rule C and Rule D of the Federal Rules of Civil Procedure – Supplemental Rules for Admiralty or Maritime Claims, be issued immediately against the Vessel described above and its respective engines, tackle, equipment, furniture, and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest therein be cited to appear and answer the matters aforesaid;

2. That the Opaskars be decreed ***not*** to be the current owners of the Vessel, and further decreed ***not*** to be the owners of the Vessel on June 23, 2021;

3. That South Shore Marine be decreed as the true and rightful current owner of the Vessel, further decreed to be the owner of the Vessel on June 23, 2021;

4. That such other and further relief be granted as this Court deems necessary, just, and proper.

                Respectfully Submitted

                /s/*Markus E. Apelis*
                **MARKUS E. APELIS (0083884)**
                **RANDA E. PAYNE (0099679)**
                GALLAGHER SHARP LLP
                1215 Superior Avenue, 7th Floor
                Cleveland, Ohio 44114
                Phone: (216) 241-5310
                Fax: (216) 241-1608
                Email: mapelis@gallaghersharp.com
                        rpayne@gallaghersharp.com
                *Attorneys for the Plaintiffs*

                **TODD D. LOCHNER**
                Maryland Bar No. 25691
                *Pro Hac Vice to be filed*
                LOCHNER LAW FIRM, P.C.
                91 Main Street, 4th Floor
                Phone: (443) 716-4400
                Email: tlochner@boatinglaw.com
                *Attorney for the Plaintiffs*