IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GAIL OPASKAR, | )  Case No. 1:21-CV-01710 |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )  MAGISTRATE JUDGE |
| v. | )  THOMAS M. PARKER |
| | ) |
| 33' 1987 CHRIS-CRAFT AMEROSPORT, | ) |
| MOTOR VESSEL, et al., | )  **ORDER** |
| | ) |
| Defendants. | ) |

The Estate of Christopher Kedas and the Estate of O.K, Christopher Kedas's minor son (collectively, "the Estates"), have separately moved to intervene in this *in rem* action. ECF Doc. 15; ECF Doc. 16. Plaintiff Gail Opaskar opposes the motions. *See* ECF Doc. 25. For the following reasons, the motions to intervene are GRANTED.

**I.     Factual Background[1] & Procedural History**

On June 23, 2021, Frank Opaskar, Gail Opaskar's husband, was in discussions, the extent of which is disputed, with South Shore Lake Erie Assets & Operations, LLC ("South Shore Marine") for the sale of a 33' 1987 Chris-Craft Amerosport Motor Vessel ("*The Third Lady*"). During that process he, along with South Shore Marine's broker, Christopher Kedas, and Kedas's minor son, took a trip on *The Third Lady* on Lake Erie and lost their lives as a result of an alleged malfunction in the boat.

On September 2, 2021, Gail Opaskar, the executrix of her husband's estate, filed a complaint against *The Third Lady* and South Shore Marine, seeking a court decree that: (1) neither she nor her

---

[1] These facts are undisputed between the parties and the proposed intervenors.

husband own *The Third Lady* and were not its owners on June 23, 2021; and (2) South Shore Marine is the vessel's current owner and owned the vessel on the date of the accident. ECF Doc. 1 at 1-2, 6-7.

On October 11, 2021, South Shore Marine answered and asserted a counterclaim against Opaskar and a crossclaim against *The Third Lady*. ECF Doc. 11. It denied that it was the owner of *The Third Lady* and asserted a counterclaim and crossclaim asserting that both now and on the day of the accident Frank Opaskar owned the vessel. ECF Doc. 11 at 1, 16-17. South Shore Marine requests a court declaration stating the same. ECF Doc. 11 at 16-18.

On January 3 and 4, 2022, the Estates separately moved to intervene in this action. ECF Doc. 15; ECF Doc. 16. They both assert that they may intervene as a right or permissively under Federal Rule of Civil Procedure 24. ECF Doc. 15 at 1-2; ECF Doc. 16 at 2-3. As to permissive intervention under Rule 24(b)(1)(B), they argue that they timely filed their motions and that they have a common question of law or fact, *The Third Lady*'s ownership, in common with the instant case that warrants their intervention. ECF Doc. 15 at 8-9; ECF Doc. 16 at 8-9. They assert that, based on the boating accident, they have filed separate state actions for wrongful death and related torts against Frank Opaskar's estate and, in the case of O.K.'s estate, Gail Opaskar as well, because of their ownership of the vessel. *See* ECF Doc. 15 at 5-6; ECF Doc. 16 at 5-6. They attached state court complaints reflecting the claims. ECF Doc. 15-1 at 7-9; ECF Doc. 16-1 at 4-5.

Opaskar opposes the motions, asserting that neither estate has shown the requirements to intervene as a right, under Fed. R. Civ. P. 24(a)(2), or permissively, under Fed. R. Civ. P. 24(b)(2). *See* ECF Doc. 25. South Shore Marine does not oppose the intervention. In their reply briefs, the Estates assert that Opaskar's articulation of the necessary interest is based on inapplicable and outdated law. ECF Doc. 27 at 4-5; ECF Doc. 28 at 4-5.

II.     Analysis[2]

The decision to grant a permissive intervention lies within the court's discretion.  *See Desai v. Geico Cas. Co.*, No. 1:19-cv-2327, 2021 U.S. Dist. LEXIS 249523, *4-5 (N.D. Ohio Jun. 22, 2021) (citing *Service Emps. Intern. Union Local 1 v. Husted*, 515 F. App'x 539, 541 (6th Cir. 2013) and *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000)).

Federal Rule of Civil Procedure 24(b)(1)(B) provides for the permissive intervention of a party in a civil action upon a timely motion and when the individual seeking to intervene "has a claim or defense that shares with the main action a common question of law or fact."  After establishing these two requirements, the district court must "'balance[e] undue delay and prejudice to the original parties, and any other relevant factors" to determine whether, in the court's discretion, intervention should be allowed.'"  *See Kirch v. Dean*, 733 F. App'x 268, 279 (6th Cir. 2018) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)).

Although four months passed between the filing of the complaint and the Estates' motions to intervene, the litigation had just advanced beyond the parties' initial pleadings.  Further, the motions' timeliness is not challenged by the original parties and there is no apparent undue delay or prejudice to the original parties if the intervention is permitted.  As to the commonality of the claims, Opaskar's suit and South Shore Marine's counterclaim and crossclaim all focus on the issue of who owned *The Third Lady* at the time of the fatal boating accident.  Similarly, the issue of ownership underlies the state complaints filed by the Estates.

---

[2] Although the estates also assert a basis for intervention as a right under Fed. R. Civ. P. 24(a)(2), because the Court finds that intervention is proper permissively, an analysis of Rule 24(a)(2) is unnecessary.

Accordingly, because of these common questions of law and fact, the Estates' motions to intervene are GRANTED.[3]

**IT IS SO ORDERED.**

Dated: February 2, 2022

Thomas M. Parker
United States Magistrate Judge

---

[3] At this point in the proceedings, it is unnecessary for the Court to determined whether the Estates have independent standing under Article III because they seek the same relief as South Shore Marine requests. *See Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) (a party seeking to intervene as a right "must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing."); *Chapman v. Tristar Prods., Inc.*, 940 F.3d 299, 304 (6th Cir. 2019) (holding that a proposed intervenor seeking to intervene as a right or permissively must demonstrate appellate standing).